# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No. 21-cr-445-CKK |
| : | |
| ANDREW A. HERNANDEZ, : | |
| *Defendant*. : | |
| : | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING, ASSESSMENT OF 18 U.S.C. § 3553(a) SENTENCING FACTORS, AND MOTION FOR VARIANCE

The Defendant, Andrew Hernandez, by and through counsel, respectfully submits this Memorandum in Aid of Sentencing and provides the Court with his position regarding the application of the sentencing factors to the Court's obligation to impose a sentence "sufficient, but not greater than necessary to comply" with the factors found in 18 U.S.C. § 3553(a). Mr. Hernandez also respectfully requests a downward variance from the sentencing guidelines for the reasons set forth herein.

Counsel and Defendant agree with the Probation Office's Guidelines calculation as provided in the Presentence Report ("PSR"): the base level offense in this matter for violation of 18 U.S.C. § 1512(c)(2) is 14; there is a 3-level enhancement for substantial interference with the administration of justice; and Defendant has and continues to accept responsibility, resulting in a 3-level decrease. [ECF No. 54.] This results in a total offense level of 14, and a 15 to 21 months' incarceration range based on a criminal history category of I. *See* PSR at 14-15.

A downward variance to no more than 3 months' incarceration or, alternatively a longer period of home confinement, two years' probation or supervised released, 50 hours of community service, $2,000.00 in restitution, and the mandatory $100 special assessment is

appropriate based on the nature and circumstances of the offense and the history and characteristics of the defendant.

Mr. Hernandez is brutally aware of the seriousness of his conduct on January 6, 2021, and that of the larger collective who gathered in protest that day. He has taken and continues to take accountability and responsibility for his actions, and he understands that the felony conviction and a serious sentence is appropriate as a punishment to him and as a deterrence to others. Nonetheless, Mr. Hernandez has no criminal record, a family who is dependent on him, employment, and an otherwise service-filled life; lengthy incarceration will remove him from society and force him to start over with no corresponding benefit to the principles of sentencing.

## Background

On May 5, 2022, Mr. Hernandez pleaded guilty to a single count of obstruction of an official proceeding in violation of 18 U.S.C. §§ 1512(c)(2) and 2. Mr. Hernandez is a 45-year-old, dedicated father, and faithful member of his community. He served in the United States Marine Corps, and he has been a kind and caring member of his family. His mother recounts the love and compassion that he first showed as a young child, and his fellow family members express how has taken care of them through to this day. Exhibit 1.

While Mr. Hernandez traveled to Washington, D.C., for the rallies of January 6, 2021, he did not come armed for violence or seeking to break the law or engage in civil disorder. Instead, he sought to engage in peaceful protest to show support for political causes that were important to him. He did not come armed with the entrapments of battle, as many did that day; he came with his voice to support matters of interest to him. Whether right or wrong in his cause, he did not pre-plan, coordinate, or travel with an intent of harm or wrongdoing.

And while the Government fairly lays out his path that day, as he was caught up among the protestors and the crowds, it is important note that he did not personally engage in violence or destruction. He protested and he was wrong to even be so near to the throng that entered the Capitol, but he did not break, destroy, or injure. He was in the Capitol for less than 15 minutes.

For those 15 minutes of obstruction, and his proximity to others who engaged in worse acts, he will bear the burden of a lifelong felony criminal sanction. He likewise bears the burden of losing his prior job due to his acts (*see* PSR at 11, ¶ 61), and the instant offense precipitated divorce proceedings. *See* PSR at 10, ¶ 46. He has had time to think, to reflect, and to face the consequences of his actions over the last two years.

He has sought to move forward by re-gaining employment, by continuing to care for his family—both his children and his parents, *see* Exhibit 1—and by continuing to be a productive member of his community. He has been entirely compliant with probation and otherwise fully law-abiding, as he has otherwise been his entire life. This is to say that January 6, 2021, is the exception for Mr. Hernandez; contemptible, but not representative of who he is.

Mr. Hernandez deeply regrets his actions and takes fully responsibility, as he will tell the Court at sentencing. And he asks that the Court consider his whole character, in light of this criminal act here, to adjudge a sentence that appropriately balances punishment, deterrence, and rehabilitation.

## Argument

A. **The Court shall impose a sentence sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a).**

"The court shall impose a sentence sufficient, but not greater than necessary, to comply with" 18 U.S.C. § 3553(a)'s mandates. These include considering the "nature and circumstances of the offense and the history and characteristics of the defendant," reflecting the seriousness of

the offense, affording adequate deterrence, protecting the public, and providing necessary rehabilitation to the defendant. 18 U.S.C. § 3553(a)(1-2).

In *United States v. Booker*, 125 S.Ct. 738 (2005), the United States Supreme Court restored to sentencing judges the power to use discretion in determining appropriate sentences. "In the wake of *Booker*, therefore, the discretion of a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. Nevertheless, a sentencing court is still required to 'consult [the] guidelines and take them into account when sentencing.'" *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (quoting *Booker*, 125 S.Ct. at 767). In light of *Booker*, "a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence." *Id.* (citation omitted).

**B.     18 U.S.C. § 3553(a) Factors to Consider in Sentencing.**

      **1.     Nature and Circumstances of the Offense.**

Mr. Hernandez pleaded guilty to a single count of aiding and abetting obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count One). The charged conduct, along with the events of January 6, 2021, in general, had serious consequences, as reflected in the statement of facts, PSR, and the Indictment. For context, however, Mr. Hernandez spent less than 15 minutes in the Capitol, he did not assault anyone, and he did not destroy property. While the Government may not view this as a mitigating factor, it is a relevant factor in considering the nature and circumstances of the offense. *See* Gov't Sentencing Memorandum at 16, ECF No. 54.

4

He did not come to the Capitol that day with a plan to incite violence or unlawfully disrupt the electoral process; rather, he came to peacefully exercise his First Amendment right in support of a cause that he believed in. Through his criminal action he ultimately lent support to the larger crowd, many of whom did engage in worse criminal conduct, during such a sacred congressional process. But this was neither his intent nor goal. He takes full responsibility for this, and he acknowledges how his wrong could engender others' actions, and the greater strife caused to the nation.

2. **History and Characteristics of the Defendant.**

Mr. Hernandez is 45 years old, with two adult children and an adult stepchild who he has raised as his own. PSR at ¶¶ 46-47. He is a faithful servant to his parents. Exhibit 1. He honorably served in the United States Marine Corps, and he has worked hard to support his family and those around him.

The letters from his family and friends more fully demonstrate the true nature and characteristics of Mr. Hernandez, through thoughtful and loving support, even while acknowledging his wrong. His mother writes of his life-long compassion for others:

> At four years old I knew what a caring little man he is, Andrew saw another child crying after dropping his candy; Andrew immediately gave that other child his candy without me even asking him too. When Andrew was in second grade the teacher told me to be proud of my son due to his kindness. That there was a little boy in the class that all the other kids were bullying. Andrew went over and made friends with him so that the little boy felt better about himself. Andrew joined Boy Scotts and earned many badges. My son has always taken the responsibility to insure that he's loved ones are taken care of. Andrew is the person who will give when someone else is in need even if that means he goes without.

Exhibit 1. And she writes of how Andrew continues to care for her and her husband in ways that they are unable to do for themselves. He is needed and relied upon.

His sister Wendie writes about how Andrew has discussed and reflected upon the seriousness of his actions on January 6 and how he has learned and changed from this reflection. His brother-in-law Alex echoes these observations. Mr. Hernandez has not simply suffered from his actions through the loss of employment and family; he has learned and grown from his actions.

His sister details this rehabilitative process that Mr. Hernandez has made along with this family:

> Andrew has taken the time to evaluate the circumstances he is in and has painstakingly shared his thoughts about his actions with his family and his four sisters. I believe Andrew is taking responsibility for what occurred that day. As a family, we have discussed ways to encourage Andrew going forward and ways to assist his children in the future. We love our brother and his family very much. I am the oldest sister and I want to be, and am, included in all aspects of helping my brother through this tough period in his life by supporting him through all phases, now and in the future, in any way required. This includes emotionally and financially.

These family comments speak not only of his rehabilitation, but also to the supportive and faithful network upon which Mr. Hernandez can lean, which further supports future deterrence.

His daughter makes this point in her letter:

> Each day, Andrew walks with the weight of his terrible mistake and takes constant action to be better. He understands that he cannot go back in time and change the past, but he knows he can prevent himself and prevent his loved ones from repeating history.

His son's letter reinforces these points. Mr. Hernandez understands the importance of his family, and how he jeopardized everything through his actions that day.

His oldest sister pleads for mercy and for Mr. Hernandez's continued presence in their lives:

6

> Please allow my brother to be back with his family and community so he can be an asset in his community and an active member of our family. We need him to be present and active in our lives. Let Andrew Hernandez's character and love for his country speak volumes; please show mercy to my brother.

Mr. Hernandez is loved and supported—more importantly, these letters make clear that he is needed. His family needs him to provide support, practically, financially, and emotionally. And he needs his family to further his rehabilitation, to maintain deterrence, and to remind him of what is important; not travel to the Capitol for a political protest, but being at home among his family.

### 3. The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.

The nature and circumstances of the offense and of Mr. Hernandez must be balanced with imposing a sentence that reflects the seriousness of this offense, respects the rule of law, and provides a just punishment. Mr. Hernandez understands the seriousness of this charge and, indeed, the entirety of what occurred on January 6, 2021. That is why he took responsibility for his actions, and he pleaded to a felony offense despite committing no act of violence or destruction.

Mr. Hernandez takes full responsibility for his actions and his role. He has spent every day since January 6 reliving that day, and he faces the constant reminder of his wrongdoing. Likewise, he suffers from the seriousness of his offense every day, whether with his wife or in the loss of his employment. Every future job application will require the disclosure of his crime and he will forever live with the ignominy of his actions.

As serious as Mr. Hernandez's actions were, they must be viewed in context when considering sentencing. Unlike others, Mr. Hernandez did not plan for violence, he did not bring or employ weapons, and he did not assault or damage. He came for peaceful

protest, not violent unrest. While this is not a defense to his actions, it does inform the sentencing needed to serve justice.

### 4. To Afford Adequate Deterrence to Criminal Conduct.

Mr. Hernandez has been adequately deterred and is not likely to engage in future criminal conduct. He has no criminal record, so this felony conviction serves as a greater punishment and deterrence than it may for someone with an extensive record. He will now live with its consequences daily, bother personally and professionally.

He is certain to face consequences far beyond what he would have previously imagined. He faces harassment and embarrassment, and his future prospects will be more limited. This will harm him financially, but also emotionally as he knows he will not be able to support his family in the same way. He accepts this reality, and he understands that real consequences are just and appropriate, but he is deterred before he even arrives at sentencing.

While he understands that sentencing is appropriate both as a punishment and deterrence to him, he understands that general deterrence is important too. That is why he requests a sentence that involves some period of incarceration or, alternatively, extended home detention. But to award more than Defendant's requested sentence would create unwarranted sentencing disparities while not serving the needs of sentencing. *See, e.g., United States v. Wood*, Case No. 22-cr-223-APM (resulting in 12 months' home detention for a violation of 18 U.S.C. § 1512). For all of these reasons, a downward variance from the calculated guidelines is appropriate.

### 5. To Protect the Public from Further Crimes of the Defendant.

Mr. Hernandez is not a danger to the community. He has no criminal history, he honorably served his country and community through the United States Marine Corps, and he has a lifetime of care and service to others as recounted by his family and friends. There is

8

nothing in his history or in the characteristics of this offense that would indicate that he is a further danger to the community, particularly in light of the fact that he has taken full responsibility and he will live with the regret and remorse of his actions for the remainder of his life.

The citizens who participated in the Capitol riot were "called to Washington, DC, by an elected official, [and] prompted to walk to the Capitol by an elected official." *United States v. John Lolos*, 1:21-cr-00243-APM (sentencing held on November 19, 2021). People such as Mr. Hernandez were "a pawn in the game played by people who know better." *Id.* Without provocation from former leaders and a mob of thousands of people, Mr. Hernandez would not have conducted himself the way that he did. He was used by others. While he bears the responsibility for his actions, he should not bear the responsibility for others as well.

C.     **The Sentencing Guidelines and Downward Variance.**

Mr. Hernandez agrees that the following Sentencing Guidelines, as noted in the Plea Agreement and the PSR, apply in this case:

- Section 2J1.2(a) of the Guidelines establishes a base offense level of 14.
- Section 2J1.2(b)(2) of the Guidelines provides for a 3-level increase due substantial interference with the administration of justice.

Factoring in a 3-level reduction for acceptance of responsibility, and a criminal history category I, the applicable sentencing range is 15 to 21 months.

In light of his role in the offense, his history and characteristics, and the need to impose an appropriate sentence, downward variance to no more than 3 months incarceration or a longer period of home confinement, two years' probation or supervised released, 50 hours of community service, $2,000.00 in restitution, and the mandatory $100 special assessment.

9

## Conclusion

For these reasons, Defendant respectfully requests downward variance to no more than 3 months incarceration or a longer period of home confinement, two years' probation or supervised released, 50 hours of community service, $2,000.00 in restitution, and the mandatory $100 special assessment based on the nature and circumstances of the offense and the history and characteristics of the defendant.

>
> Respectfully submitted,
>
> Andrew Hernandez
> By Counsel

\_\_/s/_____
Samuel C. Moore
D.C. Bar No. 101506
Law Office of Samuel C. Moore, PLLC
526 King St., Suite 506
Alexandria, VA 22314
Email: scmoore@scmoorelaw.com
Phone: 703-535-7809
Fax: 571-223-5234
*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2023, I electronically filed the foregoing with the Clerk of Court Using the CM/ECF system, which will then send a notification of such filing (NEF) to:

    Diane G. Lucas
    U.S. Attorney's Office for the District of Columbia
    555 Fourth Street, NW
    Washington, DC 20530
    (202) 252-7724
    Fax: (202) 514-9155
    Email: diane.lucas@usdoj.gov

                                                                /s/
                                          Samuel C. Moore
                                          D.C. Bar No. 101506
                                          Law Office of Samuel C. Moore, PLLC
                                          526 King St., Suite 506
                                          Alexandria, VA 22314
                                          Email: scmoore@scmoorelaw.com
                                          Phone: 703-535-7809
                                          Fax: 571-223-5234