UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No. 21-cr-445-CKK |
| : | |
| ANDREW A. HERNANDEZ, : | |
| *Defendant.* : | |
| : | |

**DEFENDANT'S SUPPLEMENTAL BRIEFING
SUPPORTING A RULE 48(A) DISMISSAL**

The Defendant, Andrew Hernandez, by and through counsel, respectfully submits this response to the Court's Order entered on January 23, 2025. (ECF No. 72.) The Court directed the parties to set forth the legal reasoning supporting the application of Rule 48(a) for a defendant whose sentence has become final, with no appeal pending. (ECF No. 72.) In the parties' Joint Status Report, the parties requested a briefing schedule for this matter. (ECF No. 74.) On February 25, 2025, the Court ordered the Defendant file this Supplemental Briefing.

Mr. Hernandez requests that the Court grant the Government's Rule 48(a) Motion. Because of the procedural posture of Mr. Hernandez's matter, Rule 48 is an appropriate procedural tool to vacate Mr. Hernandez's conviction and dismiss the indictment. If the Court finds that Rule 48 is not applicable, then the Court should allow argument and rule on the merits of his 18 U.S.C. § 2255 Motion because the Court has jurisdiction to do so and it is appropriate under these facts.

**RELEVANT PROCEDURAL HISTORY**

On June 30, 2021, Mr. Hernandez was charged by Indictment with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2, a felony; with entering and remaining in a restricted building or grounds, in violation of 18 U.S.C.

§ 1752(a)(1), a misdemeanor; with disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. 1752(a)(2), a misdemeanor; with entering and remaining in the gallery of Congress, in violation of 40 U.S.C. § 5104(e)(2)(B), a misdemeanor; with disorderly conduct in a capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D), a misdemeanor; and with parading, demonstrating, or picketing in a capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G), a misdemeanor. (ECF No. 19.)

On September 21, 2022, Mr. Hernandez pleaded guilty to one count of aiding and abetting obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. (ECF 47.) On January 30, 2023, this Court sentenced Mr. Hernandez to a term of imprisonment of 18 months, a special assessment, restitution, and 36 months of supervised release. (ECF No. 59.)

On February 1, 2024, Mr. Hernandez was released from the Bureau of Prisons after serving his term of active imprisonment. He then began his term of supervised release, which was not set to expire until 2027.

On June 28, 2024, the Supreme Court's ruling in *United States v. Fischer* rejected the factual and legal basis for Mr. Hernandez's plea:

> To prove a violation of § 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in an official proceeding, or attempted to do so.

603 U.S. __ (2024) (Op. at p. 20). On January 18, 2025, Mr. Hernandez filed his § 2255 motion (ECF No. 70.) And on January 20, 2025, the President issued an Executive Order pardoning Mr. Hernandez among others.

**ARGUMENT**

A.  **Mr. Hernandez's conviction and sentence should be vacated under Rule 48(a).**

The Court retains authority under Rule 48(a) to vacate a conviction and dismiss the indictment after the defendant's conviction has become final when a timely § 2255 motion is pending. Rule 48(a) provides: "[t]he government may, with leave of court, dismiss an indictment, information or complaint," except "[t]he government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a). Nothing in Rule 48(a)'s plain language limits its application to convictions that have not yet become final.

While the D.C. Circuit has not issued a decision yet addressing this issue, its sister circuit has taken up a similar issue. The Fourth Circuit reversed the district court's denial of a Rule 48(a) motion filed over 15 years after the defendant's conviction had become final. *Rice v. Rivera*, 617 F.3d 802, 804 (4th Cir. 2010). The Fourth Circuit's ruling in *Rice* is consistent with the D.C. Circuit's decision in *United States v. Smith*, which affirmed the district court's order granting the government's Rule 48(a) motion to vacate the defendant's 15-year-old conviction, 467 F.3d 785, 786 (D.C. Cir. 2006).

Neither *Rice* nor *Smith* answered the question of whether a district court has authority under Rule 48(a) to vacate a conviction and dismiss an indictment where the conviction has become final on direct appeal. *See Rice*, 617 F.3d at 810 ("we need not resolve whether Rule 48 contains some limitations that could preclude its use in this context"); *Smith*, 617 F.3d at 789 ("today we also do not reach the non-jurisdictional question of whether Rule 48 alone can properly be used to vacate a final conviction"). But a direct application of the statute makes Rule 48 applicable here.

The only temporal limitation contained in Rule 48(a) is that, if the government moves to

dismiss the indictment, information, or complaint "during trial," the defendant must consent. The fact that the Rule's drafters included this limitation but not others indicates that the rule is not limited from application here where Mr. Hernandez has a pending motion in front of the Court.  *See generally Romag Fasteners, Inc v. Fossil, Inc.*, 590 U.S. 212, 215 (2020) ("Nor does this Court usually read into statutes words that aren't there.").

Aside from Rule 48(a)'s text, the fact that district courts retain jurisdiction over criminal prosecutions after conviction indicates that Rule 48(a) allows a court to dismiss an indictment even after a conviction has become final on direct appeal.  The same statute that gives district courts jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, continues to provide them with jurisdiction "over a criminal prosecution . . . even after conviction and appeal."  *Rice*, 617 F.3d at 809; *see also Smith*, 467 F.3d at 788 ("district courts retain some reservoir of jurisdiction—distinct from the rules of criminal procedure themselves—to entertain motions after final judgment").

Mr. Hernandez's § 2255 Motion was timely filed prior to the pardon, and he was still subject to supervised release and the special assessment.  Likewise, even after the pardon, he faces the many collateral consequences associated with this felony conviction, which creates concrete and continuing injury.  *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (rejecting the mootness argument); *see also Lorance v. Commandant*, 13 F.4th 1150, 1165 (10th Cir. 2021) (explaining that a case "would become moot" if the court vacated the convictions of a defendant who was pardoned because, at that point, "the court would be unable to grant any further relief").  These consequences include lost employment, inability to obtain a security clearance, lost income, and many ongoing professional injuries.

For all of these reasons, and applying a plain reading of the statute to Mr. Hernandez's

procedural posture, the Court has the authority and jurisdiction to grant the Government's requested relief. If this Court grants the Government's Motion to vacate Mr. Hernandez's conviction and dismiss this case with prejudice, then his § 2255 motion would be moot. If the Court does not grant the Government's Motion, then the Court should rule on the § 2255 Motion, which is still properly before the Court.

**B.      If the Court does not grant the Rule 48(a) Motion, then Mr. Hernandez's § 2255 Motion should be granted.**

Mr. Hernandez's § 2255 Motion is still properly before the Court, and the Court has jurisdiction to grant the requested relief. Although Mr. Hernandez has been released from incarceration and granted a pardon, "a habeas petitioner can maintain his habeas action following his release from custody if he can identify 'collateral consequences' constituting 'disabilities or burdens [which] may flow from petitioner's conviction.'" *Lorance*, 13 F.4th at 1153 (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)).

As discussed above, Mr. Hernandez faces continuing collateral consequences flowing from his felony conviction. While these collateral consequences were not fully briefed in his original § 2255 Motion—because he was subject to direct supervision and consequences at the time of filing—Mr. Hernandez can provide evidence through a hearing or further briefing to the extent it would be helpful to the Court. Evidence and testimony would demonstrate that Mr. Hernandez faces ongoing professional harm from his conviction including lost income, lost employment, and lost professional opportunities. He also faces the loss of many civil liberties related to the conviction. Additionally, the pardon does not entitle Mr. Hernandez to the return of the $100 special assessment that he paid pursuant to the Court's judgment.

Granting Mr. Hernandez's § 2255 Motion would provide relief from these concrete and continuing injuries. Mr. Hernandez's § 2255 petition is therefore not moot. *See, e.g.*, *Mejia*,

2022 WL 4280686, at *1 (special assessment "attributable to the conviction the appellant seeks to challenge precludes a mootness finding"); *Dhinsa v. Krueger*, 917 F.3d 70, 73 (2d Cir. 2019) (Article III standing "based on a redressable injury-in-fact: the $100 special assessment that attaches to each of his two challenged convictions"); *Prost* v. *Anderson*, 636 F.3d 578, 582 n.3 (10th Cir. 2011) (finding that release from prison did not render § 2255 petition moot because, if the defendant prevailed, "he may also seek recovery of a special assessment the sentencing court imposed").

And unique to Mr. Hernandez, he stands factually innocent of the crime to which he pleaded, in light of the Supreme Court's finding in *Fischer*. For these reasons, granting relief entitling him to even modest relief from continuing direct and collateral consequences is both appropriate and just.

## CONCLUSION

Mr. Hernandez respectfully requests that the Court grant the Government's Rule 48(a) Motion to vacate Mr. Hernandez's conviction and dismiss the case with prejudice. If the Court declines to do so, Mr. Hernandez respectfully requests that the Court schedule a hearing for argument on Mr. Hernandez's § 2255 Motion.

Dated: March 7, 2025

Respectfully submitted,

Andrew Hernandez
*By counsel*

_/s/ Samuel Moore_____
Samuel C. Moore
D.C. Bar No. 1015060
Moore, Christoff & Siddiqui, PLLC
526 King St., Suite 506
Alexandria, VA 22314
Email: scmoore@moorechristoff.com

6

Phone: 703-535-7809
Fax: 571-223-5234
*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2025, I electronically filed the foregoing with the Clerk of Court Using the CM/ECF system, which will then send a notification of such filing (NEF) to:

> Daniel Joseph Lenerz
> United States Attorney's Office for the District of Columbia
> 601 D Street NW
> Washington, DC 20530
> Phone: 202-252-7027
> Email: daniel.lenerz@usdoj.gov

        /s/ Samuel Moore
Samuel C. Moore
D.C. Bar No. 1015060
Moore, Christoff & Siddiqui, PLLC
526 King St., Suite 506
Alexandria, VA 22314
Email: scmoore@moorechristoff.com
Phone: 703-535-7809
Fax: 571-223-5234
*Counsel for the Defendant*