## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 21-CR-445 (CKK)** |
| **ANDREW A. HERNANDEZ,** | |
| **Defendant.** | |

## GOVERNMENT'S SUPPLEMENTAL BRIEF

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's Minute Order entered on February 25, 2025, and defendant Andrew Hernandez's response to the same (ECF 75). The Court should grant the government's motion to vacate Hernandez's conviction and dismiss the case with prejudice (ECF 71). If it does not, the Court should enter a briefing schedule on Hernandez's § 2255 motion.

## RELEVANT BACKGROUND

Based on his conduct at the United States Capitol on January 6, 2021, Hernandez pleaded guilty to one count of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (ECF 59 (Judgment)). On January 30, 2023, Hernandez was sentenced to 18 months of imprisonment followed by 36 months of supervised release (*id.*). On January 18. 2025, while he was serving his term of supervised release, Hernandez filed a motion under 18 U.S.C. § 2255 seeking to vacate his conviction and sentence in light of the Supreme Court's decision in *Fischer v. United States*, 603 U.S. 480 (2024) (ECF 70).

On January 20, 2025, President Donald J. Trump issued an Executive Order entitled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at

1

Or Near the United States Capitol on January 6, 2021," which directed the Attorney General to pursue dismissal with prejudice of all pending cases against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021. *See* https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. Pursuant to the Executive Order, the government moved to dismiss the indictment against Hernandez, citing Federal Rule of Criminal Procedure 48(a) as the appropriate procedural mechanism to accomplish the dismissal (ECF 71). In light of the pardon, Hernandez is no longer subject to supervised release.

On February 25, 2025, this Court issued an Order directing the parties "address the motions currently pending before this Court" (2/25/25 Minute Order). Hernandez filed a supplemental brief on March 7, 2025 (ECF 75). The government hereby files its response.

## ARGUMENT

I.    **Hernandez's Conviction and Sentence Should be Vacated Under Rule 48(a), Which Would Moot Hernandez's § 2255 Motion.**

A district court retains authority under Rule 48(a) to vacate a conviction and dismiss the indictment after the defendant's conviction has become final, at least when a timely § 2255 motion is pending. That is the position the government took in *United States v. Thorpe*, No. 23-3027 (D.C. Cir.). That appeal was argued on November 5, 2025, and the D.C. Circuit had not yet issued a decision.

In *Thorpe*, the government moved under Rule 48(a) to vacate the majority of Thorpe's convictions after they had become final on direct appeal. Thorpe and his codefendant, Melvin Knight, were offered wired pleas; Thorpe wished to accept the plea, but Knight rejected it. *See United States v. Knight*, 981 F.3d 1095, 1099 (D.C. Cir. 2020). On appeal, the D.C. Circuit found

that Knight's counsel had rendered ineffective assistance in advising him to reject the plea offer and ordered "the government to reoffer the original plea deal to Knight." *Id.* at 1107. Separately, the court found that Thorpe was not legally entitled to any relief, but noted that "the government has the discretion to ameliorate any injustice that would result from permitting the inadequately counseled defendant to accept the original plea offer but not the codefendant whose counsel's performance was adequate. Even now, the prosecution may seek dismissal of some or all of the charges against Thorpe under Rule 48(a) of the Federal Rules of Criminal Procedure." *Id.* at 1109.

On remand, consistent with the D.C. Circuit's suggestion, the government moved to dismiss the majority of the charges against Thorpe. The district court denied that motion because, in its view, dismissal was not in the public interest. *See United States v. Thorpe*, No. 13-cr-131 (RJL), 2023 WL 2139399, at *5-7 (D.D.C. Feb. 21, 2023). Thorpe appealed that denial and, rather than defending the district court's decision, the government agreed with Thorpe that the district court abused its discretion by denying the government's unopposed Rule 48(a) motion. *See* Brief for the United States, *United States v. Thorpe*, No. 23-3027 (D.C. Cir.).

The government's position is consistent with the Fourth Circuit's decision in *Rice v. Rivera*, which *reversed* the district court's *denial* of a Rule 48(a) motion filed more than 15 years after the defendant's convictions had become final, 617 F.3d 802, 804 (4th Cir. 2010). It is also consistent with the D.C. Circuit's decision in *United States v. Smith*, which affirmed the district court's order granting the government's Rule 48(a) motion to vacate the defendant's 15-year-old conviction, 467 F.3d 785, 786 (D.C. Cir. 2006).

This case is different than *Thorpe* insofar as it is unclear whether Hernandez's § 2255 motion was timely filed. Hernandez claims that it was (ECF 70 at 3), despite the fact that he filed it more than one year after the court entered judgment against him, *see* 28 U.S.C. § 2255(f)(1)

(setting forth one-year limitations period). The government takes no position on that issue at this time. But neither *Smith* nor *Rice* involved a timely § 2255 motion. In fact, in *Rice*, the Fourth Circuit found that the district court should have dismissed Rice's habeas motion for lack of jurisdiction and denied Rice's request to file a second or successive § 2255 motion. 617 F.3d at 807-08. The court nonetheless found that the district court reversibly erred by denying the government's unopposed Rule 48(a) motion.

Admittedly, neither *Rice* nor *Smith* answered the question whether a district court has authority under Rule 48(a) to vacate a conviction and dismiss an indictment where the conviction has become final on direct appeal. *See Rice*, 617 F.3d at 810 ("we need not resolve whether Rule 48 contains some limitations that could preclude its use in this context"); *Smith*, 617 F.3d at 789 ("today we also do not reach the non-jurisdictional question of whether Rule 48 alone can properly be used to vacate a final conviction"). But insofar as *Smith* "observe[d] . . . that both the text of the rule and its roots in the common law doctrine of *nolle prosequi* cast doubt on Rule 48's applicability post-conviction," 617 F.3d at 789, it was incorrect.

First, the text. Rule 48(a) provides: "The government may, with leave of court, dismiss an indictment, information or complaint," except "[t]he government may not dismiss the prosecution during trial without the defendant's consent." Fed. R. Crim. P. 48(a). Nothing in Rule 48(a)'s plain language limits its application to convictions that have not yet become final. Rule 48(a) says nothing about convictions, appeals, or final judgments. Rather, the only temporal limitation contained in Rule 48(a) is that, if the government moves to dismiss the indictment, information, or complaint "during trial," the defendant must consent. The fact that the Rule's drafters included this limitation but not others counsels against reading additional, unwritten restrictions into Rule 48(a). *See generally Romag Fasteners, Inc v. Fossil, Inc.*, 590 U.S. 212, 215 (2020) ("Nor does

this Court usually read into statutes words that aren't there."); *Hosp. Menonita de Guayama, Inc. v. NLRB*, 94 F.4th 1, 17 (D.C. Cir. 2024) (Katsas, J., concurring) ("Under normal principles of statutory construction, the express imposition of that time bar may preclude, by negative implication, the imposition of others.").

Nor does the Rule's reference to charging instruments restrict the circumstances in which it may be used. "Despite the wording of the rule, it is well established that the government may move to dismiss even after a complaint has turned into a conviction[.]" *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009); *see, e.g.*, *Rinaldi v. United States*, 434 U.S. 22, 32 (1977) (per curiam) (reversing district court's denial of Rule 48(a) motion first brought after defendant had been sentenced and appealed); *Watts*, 422 U.S. at 1032 (remanding case to allow government to dismiss charges after conviction affirmed on appeal); *Bronsozian v. United States*, No. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) (same); *United States v. Weber*, 721 F.2d 266, 269 (9th Cir. 1983) (reversing denial of Rule 48 motion "filed after conviction and sentencing").

Rule 48's "roots in the common law doctrine of nolle prosequi," *Smith*, 467 F.3d at 789, also do not counsel in favor of limiting the Rule to nonfinal convictions. To start, the Rule's common-law roots cannot overcome Rule 48(a)'s plain text to require an unstated temporal limit on the Rule's applicability. *See generally United States v. John Doe, Inc. I*, 481 U.S. 102, 108-09 (1987) (construing requirements of Federal Rule of Criminal Procedure 6(e) "based on our reading of the Rule's plain language"); *United States v. M.M.*, 23 F.4th 216, 219 (3d Cir. 2021) ("we begin, as with any interpretive exercise, with the text of the rule") (quotation marks omitted). Moreover, limiting Rule 48(a) to the common-law use of nolle prosequi would be inconsistent with the Supreme Court's application of Rule 48(a). If one did so, the Rule would cease to apply once a defendant has been sentenced. *See Korematsu v. United States*, 584 F. Supp. 1406, 1411 (N.D. Cal.

1984) ("[O]nce a sentence had been handed down or final judgment entered, that unilateral right of the prosecutor [to enter a nolle prosequi] was again extinguished."); *United States v. Brokaw*, 60 F. Supp. 100, 102 (S.D. Ill. 1945) ("The rule at the common law seems to have been . . . that following the return of the verdict the uncontrolled power of the prosecutor to enter a nolle revives and continues until such time as judgment is entered and sentence imposed."). But in *Rinaldi*, 434 U.S. at 32, the Supreme Court reversed a district court's denial of a Rule 48(a) motion first brought after the defendant had been sentenced and appealed—a stage of the proceeding at which nolle prosequi would have been unavailable at common law. Likewise, in *Watts*, the Supreme Court "permitted post-conviction use of the rule while direct appeal was pending[.]" *Smith*, 467 F.2d at 789. Thus, the suggestion that Rule 48(a) is limited to the common-law meaning of nolle prosequi is inconsistent with the Supreme Court's more expansive application of the Rule.

At a minimum, to the extent the common-law roots of nolle prosequi inform Rule 48(a)'s scope, applying Rule 48(a) in cases where a § 2255 motion is pending is consistent with the common-law understanding of nolle prosequi. The literal translation of nolle prosequi is "I am unwilling to prosecute," and "the primary purpose of the doctrine was to allow the government to cease active prosecution." *Korematsu*, 584 F. Supp. at 1410; *see also* Nolle Prosequi, *Black's Law Dictionary* (12th ed. 2024) ("Latin 'not to wish to prosecute' (17c)"). Where a § 2255 motion is pending, "control of the prosecution still lies" with the Executive. *See Korematsu*, 584 F. Supp. at 1411. For this reason, this case vastly differs from the two cases that the D.C. Circuit cited in questioning "Rule 48's applicability post-conviction." *Smith*, 467 F.3d at 789 (citing *Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987), and *Korematsu*, 584 F. Supp. at 1411). In both cases, the government moved under Rule 48(a) to vacate convictions after the lapse of more than 40 years—"long after the prosecution ha[d] come to rest." *Korematsu*, 584 F. Supp. at 1411; *see*

*also Hirabayashi,* 828 F.2d at 597. Unlike in *Hirabayashi* and *Korematsu*, the prosecution here has not "come to rest"; the government filed its Rule 48(a) motion while Hernandez's motion under 28 U.S.C. § 2255 was still pending. The Executive ordinarily cannot be forced to prosecute a case—through a § 2255 motion or otherwise—and nothing in Rule 48(a)'s text or common-law roots precludes the government from filing a Rule 48(a) motion under these circumstances.

There are other reasons to conclude that Rule 48(a) allows a court to dismiss an indictment even after a conviction has become final on direct appeal. A district court's jurisdiction over a criminal prosecution does not end with a final conviction. Rather, for jurisdictional purposes, the same statute that gives district courts jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, continues to provide them with jurisdiction "over a criminal prosecution . . . even after conviction and appeal." *Rice*, 617 F.3d at 809; *see also Smith*, 467 F.3d at 788 ("district courts retain some reservoir of jurisdiction—distinct from the rules of criminal procedure themselves—to entertain motions after final judgment"). For purposes of claims brought under 42 U.S.C. § 1983, "[a] successful writ of habeas corpus may . . . terminate a criminal prosecution in the defendant's favor." *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995); *see generally Heck v. Humphrey*, 512 U.S. 477, 489 (1994). In other words, a prosecution may terminate in a defendant's favor even after it becomes final on direct appeal. And a defendant may move for a new trial under Rule 33(a) even after his conviction has become final on direct appeal, so long as he does so "within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1).

If this Court grants the government's motion to vacate Hernandez's conviction and dismiss this case with prejudice, Hernandez's § 2255 motion would then be moot. *See, e.g., Lorance v. Commandant*, 13 F.4th 1150, 1165 (10th Cir. 2021) (explaining that a case "would become moot" if the court vacated the convictions of a defendant who was pardoned because, at that point, "the

court would be unable to grant any further relief"); *United States v. Fonticoba*, No. 21-cr-638-TJK (D.D.C.) (3/3/25 Minute Order) (dismissing § 2255 motion as moot where court had granted government's motion to vacate and dismiss); *United States v. Morrison & Stottlemyer*, No. 21-cr-334-TJK (D.D.C.) (3/3/25 Minute Order) (same).

## II.    If the Court Declines to Dismiss the Indictment, Hernandez's § 2225 Motion Is Not Moot.

If the Court denies the government's Rule 48(a) motion, it should set a briefing schedule on Hernandez's § 2255 motion. Hernandez was on supervised release at the time he filed his § 2255 motion, "which is all the 'in custody' provision of 18 U.S.C. § 225[5] requires." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). *See Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) ("when she filed her petition, she was under supervised release, and so section 2255 was available to (and of course invoked by) her, because supervised release is classified as a form of custody"). Moreover, that motion is not moot: "a habeas petitioner can maintain his habeas action following his release from custody if he can identify 'collateral consequences' constituting 'disabilities or burdens [which] may flow from petitioner's conviction.'" *Lorance*, 13 F.4th at 1153 (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)). Here, the President's pardon does not entitle Hernandez to the return of the $100 special assessment that he paid pursuant to the Court's judgment. But vacatur of Hernandez's conviction—the relief he seeks in his § 2255 motion—would. Hernandez's § 2255 petition thus is not moot. *See, e.g.*, *United States v. Mejia*, No. 20-3086, 2022 WL 4280686, at *1 (D.C. Cir. Sept. 14, 2022) ("[t]he special assessment attributable to the conviction the appellant seeks to challenge precludes a mootness finding" as to appellant's § 2255 motion); *Dhinsa v. Krueger*, 917 F.3d 70, 73 (2d Cir. 2019) (defendant had Article III standing to maintain a habeas petition "based on a redressable injury-in-fact: the $100 special assessment that attaches to each of his two challenged convictions"); *Prost* v. *Anderson*, 636 F.3d 578, 582 n.3 (10th Cir.

2011) (finding that release from prison did not render § 2255 petition moot because, if the defendant prevailed, "he may also seek recovery of a special assessment the sentencing court imposed").[1]

For the foregoing reasons, the government urges the Court to grant its unopposed Rule 48(a) motion to vacate Hernandez's conviction and dismiss this case with prejudice. If it does not, the Court should enter a briefing schedule on Hernandez's § 2255 motion.

---

[1] The government does not agree that vacatur would entitle Hernandez to recover any restitution payment he made. Whether Hernandez is entitled to return of such funds "after the conviction is successfully attacked collaterally depends upon who possesses the funds at the time of the motion." *United States v. Hayes*, 385 F.3d 1226, 1229 (9th Cir. 2004). Funds are not returnable if they have vested in a third party, meaning "the property has 'passed out of the jurisdiction of the officer or tribunal' to another party, including the U.S. Treasury." *Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *3 (Fed. Cl. June 27, 2024) (quoting *Knote*, 95 U.S. at 154). That is, "if the proceeds have been paid into the [T]reasury, the right to them has so far become vested in the United States that they can only be secured to the former owner of the property through an act of Congress." *Knote*, 95 U.S. at 154. Similarly, if the funds have been distributed to a victim, "the defendant has no right to recover any such sums from the government"—"[i]n such cases, the government merely served as an escrow agent." *Hayes*, 385 F.3d at 1230. Here, per the plea agreement and final judgment, Hernandez's restitution payment was disbursed to the Architect of the Capitol. *See* ECF 47 at 8 (plea agreement providing that Hernandez shall "pay restitution to the Architect of the Capitol in the amount of $2,000"); ECF 59 at 6 (judgment ordering that restitution be paid to the Clerk of the Court for disbursement to the Architect of the Capitol). Hernandez thus has no right to have it returned.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866

_____/s/_____
Daniel J. Lenerz
DC Bar #888283905
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Daniel.Lenerz@usdoj.gov
(202) 252-6829

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically with the Court and served via CM/ECF on counsel for the defendant, Samuel C. Moore, Esq., on this 20th day of March, 2025.

   /s/ Daniel J. Lenerz
DANIEL J. LENERZ
Assistant United States Attorney