## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ANDREW ALAN HERNANDEZ,

      Defendant.

Criminal Action No. 21-445 (CKK)

### MEMORANDUM OPINION AND ORDER
(April 4, 2025)

Based on his conduct at the United States Capitol, on January 6, 2021, Defendant Andrew Hernandez ("Defendant' or "Mr. Hernandez") pleaded guilty to one count of Obstruction of an Official Proceeding, in violation of 18 U.S.C. §1512(c)(2). *See* Judgment, ECF No. 59. On January 30, 2023, Defendant was sentenced to 18 months of imprisonment followed by 36 months of supervised release, although his sentence of imprisonment was reduced subsequently to time served. *See* 2/1/2024 Order, ECF No. 66. Pending before this Court is Defendant Andrew Hernandez's [70] Motion to Vacate under 28 U.S.C. §2255, which was filed on January 18, 2025, while Defendant was serving his term of supervised release, and the United States' [71] Motion to Dismiss Indictment with Prejudice Pursuant to Federal Rule of Criminal Procedure 48(a), which was filed on January 21, 2025.

The Government's one-page [71] Motion to Vacate cites only to "the Executive Order dated January 20, 2025, Granting Pardons and Commutations of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, as the reason for this [requested] dismissal." Govt. Mot., ECF No. 71. Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint" except "[t]he

1

government may not dismiss the prosecution <u>during trial</u> without defendant's consent." Fed. R. Cr. P. 48(a) (emphasis added).

In response to the Government's Motion to Vacate, this Court issued its [72] Order, which noted that "the Government does not explain how Rule 48 applies in these circumstances after a defendant such as Mr. Hernandez <u>has a final conviction and presumably has been pardoned</u>." Order, ECF No. 72, at 2 (emphasis added). Accordingly, the Court directed that the parties meet and confer, and file a Joint Status Report "that sets forth the legal reasoning supporting the application of Rule 36(a) for a defendant whose sentence has become final, with no appeal pending." *Id.*

The parties filed their [73] Joint Status Report on January 31, 2025, whereby they indicated that they needed "additional time to further consult regarding the appropriate authority and disposition of this matter," and they asked for a briefing schedule. *See* Jt. Status Report, ECF No. 73, at 3; *see also* February 25, 2025 Minute Order setting a briefing schedule. On March 7, 2025, Defendant filed his [75] Supplemental Briefing Supporting a Rule 48(a) Dismissal, in which he asserts that "a direct application of the statute makes Rule 48 applicable here" as the only temporal limitation therein applies to a dismissal "during trial" whereupon the defendant must consent. Def.'s Supp., ECF No. 75, at 3-4 (asserting that "[R]ule [48(a)] is not limited from application here where Mr. Hernandez has a pending motion in front of the Court"). Furthermore, Defendant proffers generally that "the fact that district courts retain jurisdiction over criminal prosecutions after conviction indicates that Rule 48(a) allows a court to dismiss an indictment even after a conviction has become final on direct appeal." *Id.* at 4.

Separately, regarding his Section 2255 Motion, Defendant argues that it was "timely filed prior to the pardon, and he was still subject to supervised release and the special assessment" and

"even after the pardon, he faces the many collateral consequences associated with this felony conviction, which creates concrete and continuing injury." Def.'s Supp., ECF No. 75 at 4 (case citations omitted). Defendant proffers that if this Court grants the Government's Rule 48(a) motion to vacate his conviction and dismiss the case with prejudice, his §2255 motion will be moot, but otherwise, this Court should grant his §2255 motion. Defendant suggests that his "collateral consequences were not fully briefed in his original §2255 Motion" because he was on supervision at the time, and accordingly, he can provide "further briefing" on this issue. Def's Supp., ECF No. 75, at 5.

On March 20, 2025, the Government filed its [76] Supplemental Brief, which asserts that "[a] district court retains authority under Rule 48(a) to vacate a conviction and dismiss the indictment after the defendant's conviction has becomes final, at least when a timely §2255 motion is pending." Gov't. Supp., ECF No. 76, at 2.[1] The Government argues that "[w]here a §2255 motion is pending, 'control of the prosecution still lies" with the Executive." Gov't Supp., ECF No. 76, at 6 (quoting *Korematsu*, 584 F. Supp. 1406, 1411 (N.D. Cal. 1984)); *but see Korematsu*, *id.* ("Although there is a substantial body of case law dealing with the scope of the court's authority to grant or deny leave to dismiss, little has been written about the time within which a Rule 48(a) dismissal may be brought.")

Furthermore, consistent with Defendant's argument, the Government proffers that "[n]othing in Rule 48(a)'s plain language limits its application to convictions that have not yet become final" and the "only temporal limitation" relates to a defendant's need to consent to a dismissal "during trial." Gov't. Supp., ECF No. 76, at 4-5. "Nor does the Rule's reference to

---

[1] The Government indicates that Mr. Hernandez's Section 2255 motion in this case was not filed within the one-year limitations period. Gov't. Supp., ECF No. 76, at 3-4 (noting that Defendant claims that the Section 2255 motion was timely filed, *see* ECF No. 70, at 3).

charging instruments restrict the circumstances in which it may be used." *Id.* at 5 (string citing cases, distinguished below by this Court). *See, e.g., United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009) (vacating one of two convictions after the defendant was convicted of offenses that were multiplicitous, in violation of double jeopardy); *Rinaldi v. United States,* 434 U.S. 22, 32 (1977) (dismissing an indictment on grounds that the federal prosecution was a violation of the *Petite* policy against multiple prosecutions [federal and state] for the same offense); *United States v. Weber*, 721 F.2d 266, 269 (9th Cir. 1983) (where the appellate court reversed a district court's denial of dismissal pursuant to Rule 48(a), after conviction and sentencing) In *Weber*, the appellate court found that "[e]xistence of substantial reasonable doubt as to the guilt of the defendant" – discovered through the prosecutor's jailhouse interviews of defendant, where defendant shared "facts not previously related to the prosecutor or the jury" – "can and should be considered . . . in determining whether to initiate or continue a prosecution [and] it is the "duty of the United States Attorney not simply to prosecute, but to do justice." *Id.* at 268 (citation omitted). Seeking dismissal in that case was found to be "not clearly contrary to the manifest public interest." *Id.* The Court finds that these cases relied upon by the Government are factually and legally distinguishable from the circumstances in this case.

In further support of the proposition that a district court possesses authority under Rule 48(a) to vacate a conviction and dismiss an indictment even after the defendant's conviction has become final, the Government proffers that this is "the position" it has taken in *United States v. Thorpe*, No. 23-3027 (D.C. Cir.). Gov't Supp., ECF No. 76, at 2. The Government acknowledges however that the United States Court of Appeals for the District of Columbia Circuit has not yet issued a decision in that case. Accordingly, at this point, the law in this Circuit is that "both the text of [Rule 48] and its roots in the common law doctrine of *nolle prosequi* cast doubt on Rule

4

48's applicability post-conviction." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006); *see also Rice v. Rivera*, 617 F.3d 802, 810 (4th Cir. 2010) (questioning whether Rule 48 allows dismissal following "conviction and unsuccessful direct appeal"); *Hirabayashi v. United States*, 828 F.2d 591, 607 (9th Cir. 1987) ("There is no precedent for applying Rule 48 to vacate a conviction after the trial and appellate proceedings have ended.")  Furthermore, this Court notes that both the Government and Defendant concede that "[n]either *Rice* nor *Smith* answered the question of whether a district court has authority under Rule 48(a) to vacate a conviction and dismiss an indictment where the conviction has become final on direct appeal." Def.'s Supp., ECF No. 75, at 2; Gov't. Supp., ECF No. 76, at 4.  Accordingly, it is hereby

ORDERED that the United States' [71] Motion to Dismiss Indictment with Prejudice Pursuant to Federal Rule of Criminal Procedure 48(a) be and hereby is DENIED, and it is further

ORDERED that the Court sets the following briefing schedule on Defendant's [70] Motion to Vacate under 28 U.S.C. §2255:

(1) Defendant's supplementation of his Motion is due by April 18, 2025;

(2) The Government's response is due by May 2, 2025; and

(3) Defendant's Reply, if any, is due by May 12, 2025.

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE