**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| ANDREW ALAN HERNANDEZ, |
| Defendant. |

Criminal Action No. 21-445 (CKK)

**MEMORANDUM OPINION AND ORDER**
(May 9, 2025)

Pending before this Court is Defendant Andrew Hernandez's [70] Motion to Vacate under 28 U.S.C. §2255 ("Def.'s Mot."); the United States' [79] Response to Defendant's Motion for Post-Conviction Relief pursuant to 28 U.S.C. §2255 ("Gov't Resp."); and Defendant's [80] Supplemental Briefing supporting his Motion for Post-Conviction Relief pursuant to 28 U.S.C. §2255 ("Def.'s Supp.").

I. Background

On September 21, 2022, Defendant Andrew Hernandez ("Defendant' or "Mr. Hernandez") pleaded guilty to one count of Obstruction of an Official Proceeding, in violation of 18 U.S.C. §1512(c)(2), which was based on his conduct at the United States Capitol on January 6, 2021. *See* Plea Agreement, ECF No. 47. On January 30, 2023, Defendant was sentenced to 18 months of imprisonment followed by 36 months of supervised release, although his sentence of imprisonment was reduced subsequently to time served. *See* Judgment, ECF No. 59; *see also* Feb. 1, 2024 Order Regarding Motion for Sentence Reduction pursuant to 18 U.S.C. §3582(c)(2), ECF No. 66 (reducing the 18 months to time served). Defendant filed his [70] Motion to Vacate under 28 U.S.C. §2255 on January 18, 2025, while he was serving his term of supervised release. Three

1

days later, on January 21, 2025, the United States filed its [71] Consent Motion to Dismiss the Indictment with Prejudice Pursuant to Federal Rule of Criminal Procedure 48(a).

The Government's one-page Motion to Dismiss the Indictment cited only to "the Executive Order dated January 20, 2025, Granting Pardons and Commutations of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021, as the reason for th[e] [requested] dismissal." Gov't. Mot., ECF No. 71. Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint" except "[t]he government may not dismiss the prosecution during trial without defendant's consent." Fed. R. Crim. P. 48(a) (emphasis added). Because the Government did not explain how Rule 48(a) applies in the circumstances present in this case – where a defendant has a final conviction and presumably has been pardoned – the Court directed the parties to meet and confer and to file a Joint Status Report by January 31, 2025. *See* Jan. 23, 2025 Order, ECF No. 72.

In response to the Court's [72] Order, the parties filed their [73] Joint Status Report requesting "additional time to further consult regarding the appropriate authority and disposition of this matter," and they requested a briefing schedule. *See* ECF No. 73, at 3; *see also* Feb. 25, 2025 Minute Order (setting a briefing schedule). On March 7, 2025, Defendant filed its [75] Supplemental Briefing Supporting a Rule 48(a) Dismissal, and the Government filed its [76] Supplemental Brief on March 20, 2025, also arguing for a dismissal pursuant to Rule 48(a). On April 4, 2024, this Court issued its [77] Memorandum Opinion and Order denying the United States' [71] Motion to Dismiss Indictment, incorporated by reference herein, and the Court set a briefing schedule on Defendant's pending Section 2255 motion.

On April 11, 2025, the United States filed its [79] Response to Defendant's Section 2255 motion, and on April 19, 2025, Defendant filed its [80] Supplemental Briefing on the Section 2255

2

motion. Accordingly, Defendant's Motion is ripe for resolution by this Court.

II. Analysis

In this case, the Government has indicated that while "it does not agree with each and every claim asserted in defendant's motion, [ ] the United States recognizes that in light of the Supreme Court's decision in *Fischer v. United States*, 603 U.S. 480 (2024), defendant has met his burden of establishing that relief is warranted pursuant to 28 U.S.C. 2255." Gov't Resp., ECF No. 79, at 2. As a preliminary matter, the Court notes that, in his Plea Agreement, Defendant "waive[d] any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. §2255." *Id.* at 7-8. Accordingly, the Government is, in effect, forfeiting its waiver defense.

"[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, §2 of the Constitution." *Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006) (citation and emphasis omitted). At the time Defendant filed his Section 2255 motion, he was on supervised release, and therefore, in custody. "[A] petitioner who in on parole, probation, supervised release or released on bail is deemed to be "in custody" for habeas purposes." *Bush v. Gonzalez*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007).

In its Response, ECF No. 79, at 3, the Government notes that while Mr. Hernandez has since been pardoned and is no longer on supervised release, "a habeas petitioner can maintain his habeas action following his release from custody if he can identify 'collateral consequences' constituting 'disabilities or burdens [which] may flow from petitioner's conviction.'" *Lorance v.*

*Commandant, U.S. Disciplinary Barracks*, 13 F.4th 1150, 1153 (10th Cir. 2021) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)). Defendant argues that he "continues to suffer [] collateral consequences of his §1512(c)(2) conviction . . . includ[ing] the special assessment he paid as a result of the 1512(c)(2) conviction, which allows him to maintain his habeas action." Def.'s Supp., ECF No. 80 at 3; *see Lorance*, 13 F.4th at 1153.[1] The Government agrees with Defendant that Mr. Hernandez's Section 2255 motion is not moot because the President's pardon does not entitle Mr. Hernandez to the return of his special assessment, but the "vacatur of Hernandez's conviction," would. Gov't Resp., ECF No. 79, at 3; Def.'s Supp., ECF No. 80, at 3; *see. e.g.*, *United States v. Mejia*, No. 20-3086, 2022 WL 4280686, at *1 (D.C. Cir. Sept. 14, 2022) ("The special assessment attributable to the conviction the appellant seeks to challenge precludes a mootness finding" as to the appellant's 2255 motion.)

The Government concludes therefore that "it appears that defendant has carried his burden under §2255 to establish a substantive entitlement to relief." Gov't Resp., ECF No. 79, at 4. The Government explains that, in this case, the specific conduct to which the Defendant pled guilty "was subsequently determined to not meet the elements of the statute" as interpreted by the Supreme Court in *Fischer*. *Id.* Consequently, this Court grants Defendant's Section 2255 motion and vacates his conviction on grounds that, pursuant to *Fischer*, Defendant's admitted conduct does not support his conviction for obstruction of an official proceeding, in violation of 18 U.S.C. §1512(c)(2). If a defendant's "conviction and punishment are for an act that the law does not make criminal[,]" then, "[t]here can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'present(s) exceptional circumstances' that justify collateral

---

[1] Defendant asserts also that his conviction casts him "in a negative light both personally and professionally to his current and potential future employers and can have a lasting impact on his reputation." Def.'s Supp., ECF No. 80, at 3.

4

relief under §2255." *Davis v. United States,* 417 U.S. 333, 346-47 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

Accordingly, it is hereby, this 9th day of May 2025,

ORDERED that Defendant Andrew Hernandez's [70] Motion to Vacate under 28 U.S.C. §2255 be and hereby is GRANTED.

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE